# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

**STEVEN D. BURDICK,**

        **Plaintiff,**

v.                                                            5:14-CV-1254 (BKS/TWD)

**NEW YORK STATE POLICE, et al.,**

        **Defendants.**

---

**APPEARANCES:**

Steven D. Burdick, Pro Se
Last Known Address
Fulton, NY 13069

**Hon. Brenda K. Sannes, United States District Court Judge**

## ORDER

On October 14, 2014, plaintiff Steven D. Burdick filed a pro se complaint, alleging violations under 42 U.S.C. § 1983 and New York State law. Dkt. No. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis, which was referred to United States Magistrate Judge Thérèse Wiley Dancks. Dkt. Nos. 2, 5. On April 1, 2015, Judge Dancks issued an Order and Report-Recommendation, granting the application to proceed in forma pauperis. Dkt. No. 9, p. 15. Judge Dancks reviewed the sufficiency of the complaint, in accord with 28 U.S.C. § 1915(e), and recommended that certain claims be dismissed without leave to amend; that certain claims be dismissed with leave to amend; and that certain claims be dismissed without prejudice to renew if plaintiff's conviction is overturned on appeal. Dkt. No. 9, pp. 15-16. Judge Dancks advised the parties that they had fourteen days to file objections to the report and that the failure

to object would preclude appellate review. Dkt. No. 9 at 16-17. The Order and Report-Recommendation was served on Burdick via regular mail on April 2, 2015.[1] No objections have been filed.

Since no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court has reviewed the Report-Recommendation for clear error. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to the 1983 addition. Under this standard, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* Having reviewed the Report-Recommendation and having found no clear error, it is hereby:

**ORDERED** that the Report-Recommendation (Dkt. No. 9) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that the following claims are **dismissed without leave to amend**: (1) all claims against the New York State police; (2) the claim for assault and battery; (3) the right to counsel claim; (4) the defamation claim; (5) the claim for intentional infliction of emotional distress; and (6) the claim against Defendant Croucher regarding verbal harassment; and it is further

---

[1] It appears that a prior Order (Dkt. No. 4) was returned to the Court as undeliverable. Dkt. No. 7. Plaintiff has been notified of his continuing obligation to "immediately notify the Court of any change of address, " as required by L.R. 10.1(b)(2), and is again reminded that his failure to notify the Court of a change of address may result in the involuntary dismissal of this case for failure to prosecute. Dkt. No. 3, p. 2. *See also* Fed. R. Civ. P. 41(b); L.R. 41.2(b).

**ORDERED** that the following claims are **dismissed without prejudice to renew if Plaintiff's conviction is overturned on appeal**: (1) the false arrest claim; (2) the malicious prosecution claim regarding the charges of animal cruelty and resisting arrest; and (3) the abuse of process claim; and it is further

**ORDERED** that the following claims are **dismissed with leave to amend**: (1) all claims against Oswego County; and (2) the equal protection claim; and it is further

**ORDERED** that if Plaintiff wishes to proceed with the following claims: (1) all claims against Oswego County; and (2) the equal protection claim, he must file an amended complaint within thirty (30) days of the filing date of this Order. **Any amended complaint submitted in response to this Order must allege facts to support a plausible inference: (1) that Oswego County's alleged constitutional violation resulted from a municipal custom or policy; and (2) that he was treated differently than from similarly situated individuals. Any amended complaint shall supersede and replace in its entirety the original complaint, must be signed by Plaintiff, and must be a complete pleading which sets forth all of the claims that Plaintiff wants this Court to consider as a basis for awarding relief herein**; and it is further

**ORDERED** that **Plaintiff must file any amended complaint within thirty (30) days of the filing date of this Order or he will be deemed to have forfeited the opportunity to replead, and the case will proceed solely on the following claims:** (1) the excessive force claim against Defendants Kurilovitch, Schmit, and Croucher; and (2) the malicious prosecution claim regarding the charge of endangering the welfare of a minor against Defendants Kurilovitch, Schmit, and Croucher; and it is further

**ORDERED** that the Clerk of the Court shall issue summonses and forward them to the United States Marshal for service upon Defendants Kurilovitch, Schmit, and Croucher with respect to: (1) the excessive force claim; and (2) the malicious prosecution claim regarding the charge of endangering the welfare of a minor; and it is further

**ORDERED** that following service of process upon defendants, defendants or their counsel shall file a formal response to the surviving claims as provided for in the Federal Rules of Civil Procedure following service of process upon the defendants;

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon all parties in accordance with the local rules.

**IT IS SO ORDERED.**

Dated:   April 28, 2015

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge