UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN D. BURDICK,

                                                  **Plaintiff,**

v.                                                            5:14-CV-1254 (BKS/TWD)

**NYS TROOPER ALEX KURILOVITCH,**
**NYS TROOPER MICHAEL SCHMIT,**

                                                  **Defendants.**
_____

**Appearances:**

Carroll & Carroll Lawyers, P.C.
Woodruff Lee Carroll
600 East Genesee Street, Suite 108
Syracuse, NY 13202
For Plaintiff

Eric T. Schneiderman
Attorney General of the State of New York
Maria Lisi-Murray
Assistant Attorney General
Kelly Munkwitz
Assistant Attorney General
The Capitol
Albany, NY 12224-0341
For Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff Steven Burdick brings this action under 42 U.S.C. § 1983 following an incident

at his residence on October 14, 2011, alleging that Defendants Alex Kurilovitch and Michael

Schmit, New York State Troopers, subjected him to excessive force and, as to Kurilovitch, malicious prosecution in violation of the Fourth Amendment. (Dkt. No. 1). A jury trial is scheduled to commence on December 12, 2017. Presently before the Court is Defendants' motion in limine. (Dkt. No. 119). Defendants seek: 1) to preclude Plaintiff from relitigating his underlying animal cruelty and resisting arrest convictions; 2) to question Plaintiff about his animal cruelty and resisting arrest convictions and introduce into evidence a certificate of conviction to show that the endangering the welfare of a child charge was disposed of as "covered . . . by other plea"; 3) to exclude non-party witnesses from the courtroom; 4) to preclude Plaintiff from offering the expert testimony of Michael Thompson; 5) to preclude Plaintiff from opining on business financial records and losses and from "offering any theory of damages related to the loss of business income"; and 6) to preclude Plaintiff from introducing photographs of his residence that were not disclosed during discovery. (*Id.*). For the following reasons, Defendants' motion is denied in part, granted in part and, reserved in part.

## II.   DISCUSSION

### A.   Underlying Convictions

As a result of the events on October 14, 2011, Plaintiff was charged with the misdemeanor offenses of resisting arrest (N.Y. Penal Law § 205.30), animal cruelty (N.Y. Agric. & Mkts. Law § 353), and endangering the welfare of a child (N.Y. Penal Law § 260.10). Following a trial on all three charges in a town court, Plaintiff was convicted of resisting arrest and animal cruelty. According to a proffer by Plaintiff's counsel at the December 6, 2017 telephone conference, Plaintiff will testify that the jury returned a not guilty verdict on the endangering the welfare of a child charge. The certificate of conviction, however, which lists all three charges, describes the disposition of the endangering the welfare of a child charge as

"Covered Satis. by other plea."[1]  (Dkt. No. 83-16, at 2).

### 1.     Relitigation of Validity and Probable Cause

Defendants seek to preclude Plaintiff from relitigating the validity and probable cause for the resisting arrest and animal cruelty convictions.  (Dkt. No. 119, at 1).  At the November 27, 2017 pretrial conference, Plaintiff agreed that relitigation of his underlying convictions would be improper in this case.  Accordingly, Defendants' motion to preclude is denied as moot.

### 2.     Misdemeanor Convictions and Certificate of Conviction

Defendants seek to question Plaintiff about the resisting arrest and animal cruelty convictions.  Defendants initially sought to introduce the certificate of conviction into evidence for the purpose of showing that that the child endangerment charge was not terminated in Plaintiff's favor—an element he must establish to prove his malicious prosecution claim.  *Swartz v. Insogna*, 704 F.3d 105, 111–12 (2d Cir. 2013).

Plaintiff does not dispute that evidence concerning the disposition of the endangering the welfare of a child charge is relevant to the issue of whether the prosecution was terminated in his favor.  (Dkt. No. 119, at 2).  During the December 6, 2017 telephone conference, however, defense counsel indicated that she planned to further inquire into whether Defendants have a good faith basis for challenging the favorable termination of the child endangerment charge.  Accordingly, the Court reserves decision on the admissibility of the certificate of conviction.

Additionally, Defendants seek to question Plaintiff about the resisting arrest and animal cruelty convictions.  Plaintiff opposes such questioning, but requests that in the event his convictions are admitted, he be permitted "to explain the circumstances at trial upon which he was convicted."  (Dkt. No. 126, at 2).  As an initial matter, the parties acknowledged at the pretrial conference that, to the extent the facts and circumstances leading up to the use of force and

---

[1] Neither party has been able to explain what this means.

arrest were known to the defendant officers and informed their actions, they are relevant and their probative value outweighs any alleged prejudice. *Nimely v. City of New York*, 414 F.3d 381, 390–91 (2d Cir. 2005) ("In all cases, the reasonableness of the officer's decision to use force in effectuating a seizure depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force.") (internal quotation marks omitted). Thus, evidence concerning the circumstances that led Defendants to Plaintiff's residence and what Plaintiff's actions were after the officers arrived, is admissible. Defendants, however, also seek to present evidence of the misdemeanor convictions themselves.

Rules 404(b) and 609 generally govern the admissibility of prior bad acts and convictions. Federal Rule of Evidence 404(b) states in relevant part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 609(a)(2) provides that impeachment by evidence of a criminal conviction is admissible when the crime involved "a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

In this case, the parties agree that evidence concerning the parties' interaction is admissible and "necessary to complete the story of the events on trial." *Hango v. Royall*, 466 F. App'x 30, 33 (2d Cir. 2012) (internal quotation marks omitted). Defendants, however, have not explained how the resisting arrest and animal cruelty convictions themselves, which occurred well after the events at issue, are relevant to show intent, knowledge, or absence of mistake under Rule 404(b). Moreover, because there is no basis for concluding that Plaintiff's

misdemeanor convictions qualify as "dishonest act[s] or false statement[s]," Rule 609(a) does not provide a basis for their admissibility either. *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) ("[C]rimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary, or petit larceny, do not come within [609(a)(2)]."). *See also Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, at *4, 2009 U.S. Dist. LEXIS 43334, at *10 (E.D.N.Y. May 21, 2009) (precluding, in an excessive force case, evidence of the plaintiff's subsequent conviction for criminal possession of a controlled substance following his arrest, finding that the conviction was "irrelevant to whether the [arresting] officers' actions were objectively reasonable before and during the course of the incident at issue"); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 539 (E.D.N.Y. 2011) (precluding evidence of the plaintiff's misdemeanor possession conviction irrelevant and inadmissible in excessive force case).

At the telephone conference, however, Plaintiff conceded that because the three charges are intertwined, the resisting arrest and animal cruelty convictions are relevant to the extent he claims that publicity stemming from the child endangerment arrest and charge caused him to lose business. In other words, to the extent all three charges were publicized, the jury will be required to determine what amount of lost business is attributable to the child endangerment charge, if any, and what amount, if any, is attributable to the resisting arrest and animal cruelty charges. While there is a danger of unfair prejudice in the introduction of these convictions, and particularly the conviction for resisting arrest, to the extent that Plaintiff seeks to attribute business loss to his arrest for endangering the welfare of a child, the probative value of the convictions on the issue of damages would likely outweigh the danger of unfair prejudice.[2] At

---

[2] If the convictions are admitted, the Court would expect to issue a limiting instruction to the jury identifying the relevant purpose for which they may consider the convictions, e.g., that they may consider the convictions only for the purpose of determining whether Plaintiff's lost business was attributable to the child endangerment charge, or the resisting arrest or animal cruelty charges.

this time, however, there is not enough information before the Court regarding the publicity and the Plaintiff's damage claim to rule on this issue. Accordingly, Defendants' motion to introduce evidence of the resisting arrest and animal cruelty convictions is reserved pending trial.

### B. Exclusion of Non-Party Witnesses from the Courtroom

The parties agree that non-party witnesses should be excluded from the courtroom and the Court will issue an order to that effect, in accord with Fed. R. Evid. 615, prior to any testimony at trial.

### C. Expert Testimony of Michael Thompson

Defendants seek to preclude Plaintiff's proposed expert witness, Michael J. Thompson, from testifying at trial. Plaintiff indicated at the pre-trial conference that he would not call Mr. Thompson to testify. Accordingly, Defendants' motion is denied as moot.

### D. Preclusion of Evidence of Loss of Business Income

Defendants seek to preclude Plaintiff from offering "opinion testimony as to his financial statements, tax returns, and alleged financial business losses." (Dkt. No. 119, at 4). Defendants further seek to preclude Plaintiff "from offering any theory of damages related to alleged publicity of the arrest at issue." Defendants argue that because Plaintiff has admitted that his business losses are attributable to his arrest in 2009 as well as his arrest in 2011, he "cannot establish causation with respect the loss of business income allegedly arising out of the incident alleged in the complaint." (Dkt. No. 119, at 5). The admission to which Defendants refer is the following statement from Plaintiff's August 8, 2017 letter request for a settlement conference: "When the publicity from this arrest (and also a prior arrest) hit the internet, in particular the endangering the welfare of a child charge, people stopped buying from him. The gross declined from over $600,000 to $35,000." (Dkt. No. 100, at 1). Plaintiff responds that he only plans to

testify to his personal knowledge of his business losses—not his opinion.  (Dkt. No. 125, at 2).

In § 1983 actions, "[c]ompensatory damages have been held to include . . . actual, out-of-pocket losses, such as medical expenses and lost wages (both past and future) [as well as] compensation for pain and suffering and mental or emotional distress." *Colon v. City of New York*, No. 09 CV 0008 JBW, 2012 WL 691544, at *10, 2012 U.S. Dist. LEXIS 28197, at *31 (E.D.N.Y. Feb. 9, 2012), *report and recommendation adopted*, No. 09-CV-8, 2012 WL 686878, 2012 U.S. Dist. LEXIS 28198 (E.D.N.Y. Mar. 2, 2012) (citing *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (holding that compensatory damages may include damages for injuries such as "'impairment of reputation . . . personal humiliation, and mental anguish and suffering'") (citations omitted).  "Damages under Section 1983 'are generally determined according to principles derived from the common law of torts.'" *Id*. (quoting *Wallace v. Suffolk County Police Dep't*, 809 F. Supp. 2d 73, 81 (E.D.N.Y. 2011)).  "'To recover compensatory damages . . . a plaintiff must prove that his injuries were proximately caused by the constitutional violation.'" *Id*. (quoting *Wallace*, 809 F. Supp. 2d at 80; *Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994)).  "The 'damages recoverable . . . cannot be contingent, uncertain, or speculative; but if the fact is established that the plaintiff has sustained an actionable injury as the direct result of the defendant's wrongful act, reasonable certainty as to the amount of that injury is all that is required.'" *Id*. (quoting *Wallace*, 809 F. Supp. 2d at 81; 36 N.Y. Jur. 2d Damages § 17).

As the Court noted at the December 6, 2017 telephone conference, a determination on this issue without the relevant newspaper articles, which are not before the Court, would be premature.  Likewise, Plaintiff intends to call the two witnesses to testify regarding business loss but has not proffered the specifics of their testimony.  The Court therefore reserves decision on this issue but notes that proximate cause is generally a factual determination for the jury.

### E.    Photographs

Defendants seek to preclude Plaintiff from introducing photographs of the residence where the incident occurred on the basis that Plaintiff did not disclose them during discovery. (Dkt. No. 119, at 5).  Plaintiff responds that the photographs depict the porch and driveway of the residence and that one is an aerial photograph of the premises.  (Dkt. No. 126, at 3).

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose a broad range of sanctions for a party's failure to comply with discovery requests.  "A district court has wide discretion to impose sanctions, including severe sanctions," under Rule 37.  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).  "In determining what sanctions, if any, to impose for a violation of a discovery requirement that is discovered on the eve of trial, a court should consider (1) the party's explanation for the failure to comply with the discovery requirement; (2) the importance of the evidence in question; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance."  *Kennedy v. Supreme Forest Prod., Inc.*, No. 3:14-CV-01851 (JAM), 2017 WL 2225557, at *5, 2017 U.S. Dist. LEXIS 77005, at *13 (D. Conn. May 22, 2017) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

At the pretrial hearing, Plaintiff's counsel explained that he did not provide the photographs earlier because he did not think of obtaining photographs of the residence until recently.  Defendants maintain that they are prejudiced by the late production of these photographs and that it would have been useful to have the photographs during Plaintiff's deposition.  Defense counsel conceded at the pretrial hearing, however, that she would have time to show the photographs to her clients prior to trial and that she could identify no other prejudice. Thus, given the probative value of the pictures in helping the jury to understand the events at

issue, the little, if any, prejudice Defendants have suffered as a result of the late disclosure (there is no contention that the photographs depict the residence differently than it was on the date of the incident), and the absence of any indication that a continuance would be helpful, the Court, in its discretion, declines to exclude the photographs. Accordingly, Defendants' motion to preclude the photographs is denied.

## III. CONCLUSION

For these reasons, it is

**ORDERED** that Defendants' motion in limine (Dkt. No. 119) is **GRANTED in part, DENIED in part and RESERVED in part, as set forth above**.

**IT IS SO ORDERED.**

Dated: December 7, 2017

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge